**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JOSEPH W. LEISER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-00446-JPG |
| ) | |
| UNKNOWN PARTIES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff is an inmate in the Winfield Correctional Facility in Winfield, Kansas ("Winfield"). He brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He claims that the Defendants violated his constitutional rights when they tazed and arrested him while he was working. Plaintiff also alleges state law violations. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

### Complaint

On May 26, 2014, Leiser was working for a contractor at General Tire Plant in Mount Vernon, Illinois (Doc. 1 at 1). The two Defendants, both unknown United States Marshals ("Marshal 1" and "Marshall 2," herein, respectively) came to serve a warrant for Leiser's arrest on behalf of the sheriff of Coffey County, Kansas (*Id.*).

Leiser was on his hands and knees leveling a weight conveyor, and was wearing earplugs and earmuffs. The Defendants came up behind Leiser and tazed him for about 10 ½ seconds to get his attention. Leiser fell over onto his left side. His hardhat and earmuffs had fallen off, and

he could hear the defendants calling for him to throw away the combination wrench he was holding at the time. However, he was unable to let go of the wrench, and in fact his fingernails were digging into his palms such that they drew blood, on account of the tazing. Leiser eventually succeeded in pushing the wrench away and Marshal 1 ceased tazing him. Marshall 2 then kicked the wrench away from him, and Marshal 1 tazed Plaintiff for an additional five or so seconds (*Id.*).

The Defendants then handcuffed Leiser and transported him to the county jail. When he asked why they tazed him, they responded that "there are 2 men in [K]ansas that think you are a dangerous man." Leiser later discovered that five people had witnessed the event (one of whom had recorded it on his cell phone), and that, before tazing him, the Defendants had learned from Leiser's project manager that he had been diagnosed with a terminal illness (*Id.* at 1-2.)

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a preliminary threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. However, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Defendants violated Plaintiff's Fourth Amendment rights when they tazed him from behind while unprovoked;
>
> **Count 2:** Defendants are liable for assault and battery; and,
>
> **Count 3:** Defendants defamed Plaintiff when they arrested him while he was at work.

### Count 1

Claims of excessive force during an arrest are analyzed under the Fourth Amendment's "reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386 (1989); *Lawrence v. Kenosha Cnty.*, 391 F.3d 837, 843 (7th Cir. 2004). In determining the reasonableness of the force used, a court will consider the facts and circumstances of the case, the severity of the crime at issue, the threat posed by the suspect to the safety of the officers or others, and whether the suspect was

attempting to resist or evade arrest. Lawrence, 391 F.3d at 843. The objective reasonableness of an officer's use of force is judged by the information the officer had at the time of the arrest. *Id*. Based on these standards, Leiser's claim of excessive force cannot be dismissed at this time.

### Count 2

Assault and battery arise under state law. Where a district court has original jurisdiction over a civil action such as a *Bivens* action, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho–Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). Therefore, **Count 2** shall be reviewed under the Court's supplemental jurisdiction.

### Count 3

The tort of defamation also arises under state law. Thus, if Leiser states a proper claim for the tort of defamation, his claim may proceed with Counts 1 and 2 as an exercise of this Court's supplemental jurisdiction. "To prove defamation, a plaintiff must show that the defendant made a false statement about him, that there was an unprivileged publication to a third party with fault by the defendant, and that the publication damaged plaintiff." *Vickers v. Abbott Labs.*, 698, 719 N.E.2d 1101, 1107 (Ill.App.Ct.1999). Leiser does not allege that any false statement was published to a third party, therefore Leiser has failed to state a claim for the tort of defamation. Thus, **Count 3** is dismissed without prejudice.

### **Pending Motion**

Plaintiff's Motion for Appointment of Counsel (Doc. 10) shall be **REFERRED** to a United States Magistrate Judge for handling with the rest of the case.

Plaintiff's Motion (Doc. 11) seeking a status update on his case is **DENIED** as moot,

because the substance of this Order, referring a number of the claims forward, addresses the concerns raised in his Motion.

## Disposition

**IT IS ORDERED** that Plaintiff may proceed on **COUNTS 1** and **2** against Defendants **UNKNOWN PARTIES**.

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED** without prejudice.

Service shall not be made on Defendants **UNKNOWN PARTIES** until such time as Plaintiff has identified these defendants in the complaint by filing a motion to substitute Defendants **UNKNOWN PARTIES** with the names of these individuals in the caption and, where applicable, throughout the complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 10) and a plan for discovery aimed at identifying Defendants **UNKNOWN PARTIES**.

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 25, 2016**

    *s/J. Phil Gilbert*
**United States District Judge**